

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
AMARILLO DIVISION

| | | |
|---|---|---|
| TOMMY DeWAYNE JOHNSON, | § | |
| | § | |
| Petitioner, | § | |
| | § | |
| v. | § | 2:05-CV-0202 |
| | § | |
| NATHANIEL QUARTERMAN, Director, | § | |
| Texas Department of Criminal Justice, | § | |
| Correctional Institutions Division, | § | |
| | § | |
| Respondent. | § | |

**REPORT AND RECOMMENDATION TO DENY PETITION FOR
A WRIT OF HABEAS CORPUS BY A PERSON IN STATE CUSTODY**

Petitioner TOMMY DeWAYNE JOHNSON has filed with this Court a Petition for a Writ of Habeas Corpus by a Person in State Custody challenging his state conviction for the offense of aggravated robbery and the resultant 12-year sentence. For the reasons set forth below, it is the opinion of the undersigned United States Magistrate Judge that petitioner's federal application for habeas corpus relief should be DENIED.

I.
PROCEDURAL HISTORY

On May 28, 1997, in Cause No. 11,569-B, petitioner was indicted in the 47th Judicial District Court of Randall County, Texas, for the offense of aggravated robbery, a first degree felony. *See* Tex. Penal Code § 29.03 (Vernon 1997). The indictment alleged the use of a deadly weapon in the commission of the offense. On July 29, 1997, petitioner, pursuant to a plea

HAB54\R&R\JOHNSON-202.PROCDFLT:2

agreement, pled guilty to the charged offense of aggravated robbery. Pursuant to the plea agreement, the trial court deferred adjudication of guilt and placed petitioner on probation for a period of eight (8) years.

On March 4, 2002, the State moved to revoke petitioner's probation and adjudicate guilt as a result of petitioner's noncompliance with the terms of his probation. On May 6, 2002, the motion to revoke was denied and petitioner's probation was continued with additional conditions. On May 17, 2002, the state trial court entered a supplemental order adding additional special conditions of probation and extending petitioner's probationary period an additional two (2) years (to expire on July 29, 2007). On July 17, 2002, the state trial court entered another supplemental order amending petitioner's conditions of probation.

On December 17, 2003, the State again moved to revoke petitioner's probation and adjudicate guilt, alleging petitioner had violated the terms of his probation by committing a criminal offense, to wit: possessing a controlled substance on October 29, 2003, failing to pay $40 towards supervision fees for the month of December 2003, and failing to pay $30 towards restitution for the months of October 2003 through December 2004. On July 7, 2004, the state trial court conducted a hearing on the State's motion to revoke, initially advising petitioner that if adjudicated guilty he could be subjected to the full range of punishment of 5 - 99 years. At the hearing, petitioner pled true to the allegations that, at the time the motion to revoke was filed, he had not paid his supervision fees and restitution, but explained that as of the date of the hearing, he was current with his financial obligations. Defendant pled not true to the allegation he had committed the criminal offense of possession of a controlled substance. After testimony was presented, petitioner changed his plea to true to that allegation (commission of the criminal offense of possession of a controlled

substance). Petitioner also testified he changed his plea to true because the cocaine at issue belonged to him and that he could not allow his girlfriend to claim ownership of the cocaine to protect him. Petitioner pointed out he had served seven (7) years of his community supervision term without any violations.

On July 7, 2004, the trial court found, by a preponderance of the evidence, that petitioner had violated the terms of his probation and revoked petitioner's probation. The trial court, having heard an agreed general statement of the facts of the underlying case,[1] adjudicated petitioner guilty of the offense of aggravated robbery with a deadly weapon as confessed by petitioner on July 29, 1997, and assessed petitioner's punishment at confinement in the Texas Department of Criminal Justice, Institutional Division (TDCJ-ID) for twelve (12) years.[2] Petitioner did not directly appeal his conviction and sentence to the appropriate state appellate court. Instead, on October 25, 2004, petitioner filed a pro se motion requesting he be placed on community supervision. The state trial

---

[1]The State prosecutor recited:

On April 23 of 1997 in the early morning hours, outside of Cassidy's on 45th, close to the intersection of Bell, Mr. Johnson, along with a Corey Field, Billy Ray Wilson and Lynn Hearn, who was never charged – Mr. Field and Mr. Wilson were charged. The reasoning, as I reviewed the file, Mr. Hearn was not charged is because we only had co-defendant statements about Mr. Hearn's involvement. We were not able to corroborate his involvement in any other way, other than through the co-defendants' statements. But Mr. Field and Mr. Wilson were also charged.

Mr. Johnson – his part was to take the car about a block away from Cassidy's and wait for the others to go actually commit the robbery. One of the others – most of the witnesses say it was Lynn Hearn – used the weapon in robbing the victim. I don't remember his name, actually, Jerry Cathey – in the vicinity of the Cassidy's nightclub. There were no injuries to Mr. Cathey. He was – the gun was pointed at him. He was threatened. But other than the threats and the gun pointing at him, there were no physical injuries to him.

After that, the people who committed the actual robbery ran back to the car, and Mr. Johnson – of which Mr. Johnson was driving – and then left. . . . There were no shots fired. Mr. Johnson did give a statement to a Texas Ranger in the Clarendon area, admitting his involvement in it. Or his part of the robbery. And I guess Mr. Field did, too. And actually Mr. Wilson did, too.

*Hearing on Motion to Proceed with Adjudication of Guilt*, at 7-8.

[2]Petitioner was awarded time credits from May 15, 1997 to October 26, 1997; March 8, 2002 to March 8, 2002; January 16, 2004 to January 19, 2004; and July 1, 2004 to July 7, 2007.

court denied his motion the same date.

On December 7, 2004, petitioner sought review of his conviction by filing a state application for habeas corpus relief. By his habeas application, petitioner asserted:

1. Petitioner's plea of true to the possession offense was involuntary because defense counsel coerced him to plead by advising him he could not win his case and was exposed to up to 60 years imprisonment;

2. Petitioner was denied effective assistance of counsel during the proceeding to adjudicate petitioner's guilt because counsel failed to advise the trial court of:

    a. the facts of the original offense with which petitioner was charged, namely, that petitioner was merely the driver of the car and that three (3) other individuals carried out the aggravated robbery; and

    b. the amount of time petitioner had served on the 8-year community service.

3. Petitioner was denied effective assistance of counsel on appeal because counsel failed to:

    a. appeal the judgment of conviction;

    b. fully advise petitioner about the appeal; or

    c. ensure that the case was appealed as sentences more than 10-years in length are automatically appealed.

4. Petitioner's sentence is illegal because it is too severe of a punishment for a technical violation of his probation.

The State, in its answer to petitioner's state habeas application, attached affidavits from petitioner's trial counsel refuting petitioner's allegations. On April 27, 2005, the Texas Court of Criminal Appeals denied such petition without written order. *In re Johnson*, No. 61,101-01.

On July 5, 2005, petitioner filed the instant application for federal habeas relief with this

Court, said petition being received and filemarked July 15, 2005.[3] On February 15, 2005, respondent filed an answer opposing federal habeas corpus relief.

II.
PETITIONER'S ALLEGATIONS

Petitioner appears to contend he is being held in violation of the Constitution and laws of the United States for the following reasons:

1. Petitioner's plea of true to the possession offense was involuntary because:

   a. counsel unlawfully induced petitioner's plea by telling petitioner he would only have to serve three (3) years on his 12-year sentence, a false statement; and

   b. counsel unlawfully induced petitioner' plea by telling petitioner that admitting possession "would look better;"

   c. counsel unlawfully coerced petitioner's plea by telling him that if he denied possession, he "was going to be looking at 60 years."

2. Petitioner was denied effective assistance of counsel during the proceeding to adjudicate petitioner's guilt because counsel:

   a. promised petitioner he would only have to serve three (3) years on his 12-year sentence;

   b. told petitioner to admit the possession offense;

   c. did not discuss petitioner's case with him until the day of court; and

   d. did not provide petitioner with enough time to obtain witnesses who could have testified as to whom the controlled substance belonged.

3. Petitioner's sentence is illegal because it is too severe of a punishment as petitioner successfully completed seven (7) years of his probation without any new criminal charges and only being behind on his financial obligations

---

[3] *See Spotville v. Cain*, 149 F.3d 374, 376-78 (5th Cir. 1998) (a prisoner's federal habeas corpus petition is deemed filed when he delivers the petition to prison officials for mailing to the district court).

one time.

Petitioner advised his first ground was presented for the first time in his federal habeas petition because he had read about it in the law library and believed it would help his case.

III.
EXHAUSTION OF STATE COURT REMEDIES

Section 28 U.S.C. § 2254 states, as relevant to this proceeding:

(b)(1) An application for a writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a State court shall not be granted unless it appears that—

    (A)    the applicant has exhausted the remedies available in the courts of the State; or

    (B)(I)    there is an absence of available State corrective process; or

    (ii)    circumstances exist that render such process ineffective to protect the rights of the applicant.

(2) An application for a writ of habeas corpus may be denied on the merits, notwithstanding the failure of the applicant to exhaust the remedies available in the courts of the State.

(3) . . .

(c) An applicant shall not be deemed to have exhausted the remedies available in the courts of the State, within the meaning of this section, if he has the right under the law of the State to raise, by any available procedure, the question presented.

28 U.S.C. § 2254. The exhaustion doctrine set forth in section 2254 requires that the state courts be given the initial opportunity to address and, if necessary, correct alleged deprivations of federal constitutional rights in state cases. *Castille v. Peoples*, 489 U.S. 346, 349, 109 S.Ct. 1056, 1059 (1989). The doctrine serves "to protect the state courts' role in the enforcement of federal law and prevent disruption of state judicial proceedings." *Rose v. Lundy*, 455 U.S. 509, 518, 102 S.Ct. 1198, 1203, 71 L.Ed.2d 379 (1982).

> Under our federal system, the federal and state courts are equally bound to guard and protect rights secured by the Constitution. Because it would be unseemly in our dual system of government for a federal district court to upset a state court conviction without an opportunity to the state courts to correct a constitutional violation, federal courts apply the doctrine of comity, which teaches that one court should defer action on causes properly within its jurisdiction until the courts of another sovereignty with concurrent powers, and already cognizant of the litigation, have had an opportunity to pass upon the matter.

*Id.* (brackets, internal quotation marks, and citations omitted). To have exhausted his state remedies, a habeas petitioner must have *fairly presented* the *substance* of his federal constitutional claims to the state courts. *Nobles v. Johnson*, 127 F.3d 409, 420 (5th Cir. 1997), *cert. denied*, 523 U.S. 1139, 118 S.Ct. 1845, 140 L.Ed.2d 1094 (1998). This requires that any federal constitutional claim presented to the state courts be supported by the same factual allegations and legal theories upon which the petitioner bases his federal claims. *Picard v. Connor*, 404 U.S. 270, 276, 92 S.Ct. 509, 512, 30 L.Ed.2d 438 (1971). Further, in order to satisfy the federal exhaustion requirement, petitioner must fairly present to the **highest** state court **each** constitutional claim he wishes to assert in his federal habeas petition. *Skelton v. Whitley*, 950 F.2d 1037, 1041 (5th Cir.), *cert. denied sub nom. Skelton v. Smith*, 506 U.S. 833, 113 S.Ct. 102, 121 L.Ed.2d 61 (1992); *Richardson v. Procunier*, 762 F.2d 429, 431 (5th Cir. 1985); *Carter v. Estelle*, 677 F.2d 427, 443 (5th Cir. 1982), *cert. denied*, 460 U.S. 1056, 103 S.Ct. 1508, 75 L.Ed.2d 937 (1983). In the state of Texas, the Court of Criminal Appeals in Austin, Texas is the highest court which has jurisdiction to review a petitioner's confinement. Tex. Code Crim. Proc. Ann. art. 44.45 (Vernon 1999). Claims may be presented to that court through an application for a writ of habeas corpus, *see* Tex. Code Crim. Proc. Ann. art. 11.01 et seq. (Vernon 1999), or on direct appeal by a petition for discretionary review.

The only claim raised in the instant federal habeas application that was raised during the state habeas application is petitioner's allegation that his plea of true to the possession offense was

involuntary because counsel coerced petitioner's plea by telling him he was "going to be looking at 60 years." The other claims raised in this federal habeas application are either new claims never heard by the state's highest court, or are claims premised on a factual basis that is different than that presented in the state habeas proceeding. Consequently, with the exception of his claim that his plea was involuntary due to counsel's coercion in telling petitioner he was facing a 60-year sentence, the state courts were not given an opportunity to properly investigate, address, and determine the merits of petitioner's alleged deprivations of federal constitutional rights in his state court proceeding. Therefore, petitioner has not sufficiently exhausted his available state court remedies with regard to any of his claims other than l.c.

Further, petitioner would be precluded, by the Texas abuse of the writ doctrine, *see* Tex. Code Crim. Proc. Ann. art. 11.07 § 4, from raising his unexhausted allegations in a future state habeas application. *See* Tex. Code Crim. Proc. Art. 11.07 § 4. If a petitioner "fails to exhaust available state remedies and 'the court to which the petitioner would be required to present his claims in order to meet the exhaustion requirement would find the claims procedurally barred'," then the claim is procedurally defaulted.[4] *Jones v. Jones*, 163 F.3d 285, 296 (5th Cir. 1998) (quoting *Nobles v. Johnson*, 127 F.3d 409, 420 (5th Cir. 1997), *cert. denied*, 523 U.S. 1139, 118 S.Ct. 1845, 140 L.Ed.2d 1094 (1998) (quoting *Coleman v. Thompson*, 501 U.S. 722, 735 n. 1, 111 S.Ct. 2546, 115 L.Ed.2d 640 (1991)). In other words, when federal habeas claims "are 'technically' exhausted because, and only because, [petitioner] allowed his state law remedies to lapse without

---

[4]The abuse of the writ rule can be an adequate and independent state ground foreclosing federal habeas review. *Lowe v. Scott*, 48 F.3d 873, 875 (5th Cir. 1995). Such a procedural rule that acts as a bar, however, must be "firmly established and regularly followed." *Ford v. Georgia*, 498 U.S. 411, 423, 111 S.Ct. 850, 112 L.Ed.2d 935 (1991). The Fifth Circuit Court of Appeals has determined that the Texas abuse of the writ doctrine has been strictly and regularly applied since 1994. *Fuller v. Johnson*, 158 F.3d 903, 905 (5th Cir. 1998); *Emery v. Johnson,* 139 F.3d 191, 195, 201 (5th Cir. 1997), *cert. denied*, 525 U.S. 969, 119 S.Ct. 418, 142 L.Ed.2d 339 (1998).

presenting his claims to the state courts ... [,] there is no substantial difference between nonexhaustion and procedural default." *Id.* (quoting *Magouirk v. Phillips*, 144 F.3d 348, 358 (5th Cir.1998)).  Here, because petitioner failed to exhaust any of his claims other than his involuntary plea by coercion claim, said claims, with the noted exception, are procedurally defaulted.

There is, however, a "cause and prejudice" exception to the bar for failure to exhaust. "When the ground upon which the petitioner relies for habeas relief was not exhausted in state court and state procedural rules would bar subsequent presentation of the argument," this Court will not consider petitioner's unexhausted claim absent 'cause' and 'prejudice.'" *Beazley v. Johnson*, 2001 WL 118393, *15 (5th Cir. 2001) (quoting *Little v. Johnson*, 162 F.3d 855, 859 (5th Cir. 1998), *cert. denied*, 526 U.S. 1118, 119 S.Ct. 1768, 143 L.Ed.2d 798 (1999)).  Federal habeas relief will not be granted on a procedurally defaulted claim <u>unless</u> the petitioner can demonstrate *both* good cause for the default *and* actual prejudice as a result of the alleged violation of federal law, *or* demonstrate that failure to consider the claim will result in a fundamental miscarriage of justice.  *Id.* (citing *Moawad v. Anderson*, 143 F.3d 942, 947 (5th Cir.) , *cert. denied*, 525 U.S. 952, 119 S.Ct. 383, 142 L.Ed.2d 316 (1998) (pre-AEDPA);  *Nobles,* 127 F.3d at 423 n. 33 (post-AEDPA); *Williams v. Cain,* 125 F.3d 269, 276 (5th Cir.1997), *cert. denied*, 525 U.S. 859, 119 S.Ct. 144, 142 L.Ed.2d 116 (1998) (post-AEDPA); *cf. United States v. Flores*, 135 F.3d 1000, 1006 n. 23 (5th Cir.1998), *cert. denied*, 525 U.S. 1091, 119 S.Ct. 846, 142 L.Ed.2d 700 (1999) (post-AEDPA, section 2255)).

Petitioner has not argued, much less demonstrated, just cause for his failure to raise the unexhausted claims in his state court proceeding.  The undersigned finds no factors constituting just cause for petitioner's failure to raise his allegations before the state's highest court.  The claims, as well as the factual support for his claims, were readily apparent at the time petitioner's state habeas

application was filed and petitioner could have included such in his state action. Because petitioner has failed to show sufficient cause for his state procedural default, a "prejudice" analysis is not necessary. Further, the failure to consider the claim will not result in a fundamental miscarriage of justice. Petitioner's claims, with the exception of the involuntary plea due to coercion claim, have been procedurally defaulted as a result of petitioner's failure to exhaust at the state court level, are not cognizable in federal habeas proceedings, and should be dismissed.

## IV.
## STANDARD OF REVIEW

Under 28 U.S.C. § 2254(d), a writ of habeas corpus on behalf of a person in custody under a state court judgment shall not be granted with respect to any claim that was adjudicated on the merits in state court proceedings unless he shows that the prior adjudication: (1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established federal law or (2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the state court. 28 U.S.C. § 2254(d). A decision is contrary to clearly established federal law if the state court arrives at a conclusion opposite to that reached by the United States Supreme Court on a question of law or if the state court decides a case differently than the Supreme Court has on a set of materially indistinguishable facts. *Williams v. Taylor*, 529 U.S. 362, 405-06 (2000); *see also Hill v. Johnson*, 210 F.3d 481, 485 (5th Cir. 2000), *cert. denied*, 532 U.S. 1039 (2001). A state court decision will be an unreasonable application of clearly established precedent if it correctly identifies the applicable rule but applies it objectively unreasonably to the facts of the case. *Williams*, 529 U.S. at 407-08; *see also Neal v. Puckett*, 286 F.3d 230, 236, 244-46 (5th Cir. 2002) (en banc per curiam), *cert. denied*, 537 U.S. 1104 (2003).

Section 2254(e)(1) provides that a determination of a factual issue made by a state court shall be presumed to be correct. The applicant has the burden of rebutting this presumption of correctness by clear and convincing evidence. *Hill*, 210 F.3d at 485. When the Texas Court of Criminal Appeals denies relief in a state habeas corpus application without written order, it is an adjudication on the merits, which is entitled to this presumption. *Ex parte Torres*, 943 S.W.2d 469, 472 (Tex.Crim.App. 1997).

## V.
## INVOLUNTARY PLEA DUE TO COUNSEL'S COERCION

Petitioner challenges the voluntary and intelligent character of his true plea arguing he was coerced into entering his plea by counsel's advising him that if he did not enter a true plea he "was going to be looking at 60 years." Petitioner raised this allegation in his state habeas proceeding. In response, petitioner's counsel submitted an affidavit stating, in part: " [T]he decision to plead true was Mr. Johnson's although I told him I agreed that it would probably be the best thing to do." The Texas Court of Criminal Appeals denied petitioner's claims without written order which constitutes an adjudication on the merits. Consequently, this Court cannot grant habeas corpus relief unless the state court's determination conflicts with clearly established federal law as determined by the Supreme Court or the state court's decision was based on an unreasonable determination of the facts in light of the evidence. Petitioner has not, in any way, attempted to show or shown the state court's decision was based on an unreasonable determination of the facts in light of the evidence.

The Court further notes petitioner was charged with the 1st degree felony offense of aggravated robbery, consequently, the possible range of punishment for the charged offense was 5-99 years. Petitioner was, in fact, exposed to a 60-year sentence or more regardless of whether or

not he pled true to the alleged probation violations.  At the revocation proceeding, the State had already put on its evidence of probation violations through witness testimony, and petitioner had just begun presenting his evidence, prior to changing his not true plea to true.  The evidence against petitioner of violations of his probation was strong and the State's burden of proving the probation violations was only by a preponderance of the evidence rather than beyond a reasonable doubt.  At the time of petitioner's true plea, the state court had before it evidence upon which it could base the revocation of petitioner's probation even if petitioner had not changed his plea to true.

Moreover, at the revocation hearing, the state trial court confirmed petitioner was pleading true to the possession of cocaine allegation only because the allegation was true, that no one had offered petitioner anything or promised him anything in exchange for his plea, <u>and that no one had forced petitioner or made him plead guilty against his will</u>.  *Hearing on Motion to Proceed with Adjudication of Guilt*, at 5-6 (emphasis added).  The record rebuts petitioner's claims of coercion and petitioner has failed to show coercion by his counsel.  Petitioner has failed to show any comment by his counsel was sufficient to render petitioner's true plea involuntary or unknowing. Petitioner's claim is without merit.

V.
RECOMMENDATION

It is the RECOMMENDATION of the United States Magistrate Judge to the United States District Judge that the Petition for a Writ of Habeas Corpus by a Person in State Custody filed by petitioner a TOMMY DeWAYNE JOHNSON be DENIED.

# VI.
## INSTRUCTIONS FOR SERVICE

The United States District Clerk is directed to send a copy of this Report and Recommendation to each party by the most efficient means available.

IT IS SO RECOMMENDED.

ENTERED this 13th day of August 2008.

_____
CLINTON E. AVERITTE
UNITED STATES MAGISTRATE JUDGE

### * **NOTICE OF RIGHT TO OBJECT** *

Any party may object to these proposed findings, conclusions and recommendation. In the event a party wishes to object, they are hereby NOTIFIED that the deadline for filing objections is eleven (11) days from the date of filing as indicated by the "entered" date directly above the signature line. Service is complete upon mailing, Fed. R. Civ. P. 5(b)(2)(B), or transmission by electronic means, Fed. R. Civ. P. 5(b)(2)(D). When service is made by mail or electronic means, three (3) days are added after the prescribed period. Fed. R. Civ. P. 6(e). Therefore, any objections must be filed **on or before the fourteenth (14th) day after this recommendation is filed** as indicated by the "entered" date. *See* 28 U.S.C. § 636(b); Fed. R. Civ. P. 72(b); R. 4(a)(1) of Miscellaneous Order No. 6, as authorized by Local Rule 3.1, Local Rules of the United States District Courts for the Northern District of Texas.

Any such objections shall be made in a written pleading entitled "Objections to the Report and Recommendation." Objecting parties shall file the written objections with the United States District Clerk and serve a copy of such objections on all other parties. A party's failure to timely file written objections to the proposed findings, conclusions, and recommendation contained in this report shall bar an aggrieved party, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings, legal conclusions, and recommendation set forth by the Magistrate Judge in this report and accepted by the district court. *See Douglass v. United Services Auto. Ass'n*, 79 F.3d 1415, 1428-29 (5th Cir. 1996); *Rodriguez v. Bowen,* 857 F.2d 275, 276-77 (5th Cir. 1988).